UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

CHARLOTTE KREGG, as Guardian of
CHRISTOPHER M.  WILLIAMS,

                             Plaintiff,

         v.                                      DECISION AND ORDER
                                             07-CV-501A

AMERICAN SUZUKI MOTOR CORP.  and
SUZUKI MANUFACTURING OF AMERICA
CORP.,

                               Defendants.

═══════════════════════════════

Plaintiff commenced this action against defendants American Suzuki Motor Corp., and Suzuki Manufacturing of America Corp.  ("Suzuki defendants") in New York State Supreme Court, Erie County, on July 10, 2007.  On August 1, 2007, the Suzuki defendants removed the action to this Court based upon diversity jurisdiction.  Plaintiff is a New York resident and the Suzuki defendants are residents of the State of California.

On December 28, 2007, plaintiff moved to join two additional defendants, Eileen Muldinato and Henrietta Dunning, and remand the matter to New York State Court.  Both Muldinato and Dunning are New York residents and their joinder in this action would destroy diversity jurisdiction.

The Suzuki defendants opposed joinder and remand, arguing, *inter alia,* that joinder was improper because it was solely motivated by the plaintiff's desire to litigate in state court.  On May 1, 2008, Magistrate Judge McCarthy issued a Report and Recommendation,[1] recommending that the motion for joinder and remand be denied.  Plaintiff filed objections to the Report and Recommendation and the Suzuki defendants filed a response.  The Court heard oral argument on July 23, 2008.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review, and after reviewing the submissions and hearing argument from the parties, the Court declines to adopt Magistrate Judge McCarthy's Report and Recommendation.  Instead, the Court finds that joinder should be granted and the matter remanded to New York State Court.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

---

Magistrate Judge McCarthy issued a Decision and Order, which this Court will treat as a Report and Recommendation in light of the Second Circuit's intervening decision in <u>Williams v. Beemiller</u>, 527 F.3d 259 (2d Cir.  2008), holding that motions to remand are dispositive orders subject to *de novo* review by a District Court.

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See 28 U.S.C. § 1447(e). Before deciding whether remand is proper, the Court must decide the threshold issue of whether the proposed joinder of Muldinato and Dunning is proper.  Rule 20 of the Federal Rules of Civil Procedure permits joinder of defendants to an action where the cause of action arises out of the same transaction and occurrence, or where there exist common questions of law as to all defendants in the same action.  See Fed.  R.  Civ.  P. 20.

Here, there can be no doubt that Muldinato and Dunning are proper defendants.  Plaintiff asserts a products liability cause of action against the Suzuki defendants based upon injuries sustained from a motorcycle accident on June 10, 2005.  Muldinto and Dunning were also involved in that accident. Plaintiff asserts negligence causes of action against Muldinato and Dunning arising from the accident.  Because both claims arise from the same transaction and occurrence - the June 10, 2005 accident - joinder is proper under Rule 20. See Nazario v. Deere & Company, 295 F.Supp.2d 360, 363 (S.D.N.Y. 2003) (noting that joinder of multiple defendants in separately filed personal injury and products liability actions was proper under Rule 20 where actions arose from single accident).

However, where a complaint has been removed to federal court and the plaintiff seeks to amend the complaint to join nondiverse parties which would

destroy diversity jurisdiction, closer scrutiny of the proposed amendment is necessary.  In deciding whether to allow a plaintiff to amend a complaint to add a nondiverse party, the court considers four factors:  (1) whether the plaintiff delayed in moving to amend; (2) the resulting prejudice to defendants from joinder; (3) the likelihood of multiple litigation; and (4) plaintiff's motivation in moving to amend.  See Bowers v.  SMC Corp., 07-CV-748, 2008 WL 1700447 (W.D.N.Y. Apr. 9, 2008); see also Nazario, 295 F.  Supp.  2d at 363.  Ultimately, the Court must determine whether allowing joinder and remanding to state court under Section 1447(e) would "comport with principles of fundamental fairness." Sonn v. Wal-Mart Stores, Inc., No. 06-cv-1816, 2006 WL 2546545 at *2 (E.D.N.Y. Sept.1, 2006) (citations omitted).

The first and second factors – the plaintiff's delay and the prejudice to the defendant - do not weigh against granting the motion.  Although plaintiff waited approximately five months before moving to amend the complaint to add the nondiverse parties, that delay is insubstantial since there was no discovery during that time period.  The Suzuki defendants have not shown that they will suffer any prejudice if the motion is granted at this juncture.  In his Report and Recommendation, the Magistrate Judge referenced the fact that New York has more liberal expert disclosure rules.  Although application of New York's more liberal expert disclosure rules might ultimately favor the plaintiff, it cannot be said that doing so would "prejudice" the defendant any more than it could be said that

application of the federal rules would "prejudice" the plaintiff.  See Juliano v.

Toyota Motor Sales, U.S.A. Inc., 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998)

(rejecting the defendant's claim of prejudice upon remand based upon differing

expert disclosure rules in state and federal court).  Absent a showing of prejudice,

the five month delay does not disfavor granting the motoin.  Id.  (granting joinder

and remanding case notwithstanding plaintiff's five month delay in moving to

amend to join nondiverse party).

The third factor - the likelihood of multiple litigation - favors remand. As the

Magistrate Judge observed, there is currently a state court negligence action

pending against Muldinato and Dunning arising from this same accident.  The

Magistrate Judge believed that the state court action would likely be stayed

pending resolution of the instant action.  Nevertheless, the fact remains that two

simultaeous actions arising form the same accident will be pending in two

different forums.  Because "[t]here is a certainty of multiple litigation if joinder is

not allowed," See Young v.  Simon Ladder Towers, Inc., 96-CV-189, 1996 WL

685753 (W.D.N.Y. 1996) (emphasis in original), this factor weighs heavily in favor

of remand.

As to the fourth factor, the Suzuki defendants argue that joinder should be

denied because it is motivated solely by the plaintiff's desire litigate in state court.

Plaintiff admits that a desire to return to state court is *one of* the motivations for

remand, but not the *sole* motivation.  The existence of a pending state court

action suggests that joinder is not being sought solely for the purpose of defeating subject matter jurisdiction.  See Young, 1996 WL 685753 at *3 ("That a state court action has been and is pending . . . supports [the conclusion that the motion to amend is not primarily motivated by a desire to destroy federal diversity jurisdiction]").  Plaintiff has advanced legitimate reasons as to why litigating this matter in a single forum is preferential.  Plaintiff points to New York's apportionment of liability provisions and the fact that, since plaintiff is incapacitated and is represented by a guardian, judicial approval and oversight of any settlement or recovery will be required.  The Court agrees with plaintiff's assertion that it would be preferential to have one court oversee all claims.

Moreover, "even if plaintiff is motivated by a desire to return the matter to state court, its preferred forum, this factor is insufficient to avoid joinder and remand" where, as here, joinder is proper.  See Garland v.  RLI Insurance Co., 491 F.  Supp.  2d 338, 341 (W.D.N.Y. 2007).  This is not a case where the plaintiff is groping to find any nondiverse defendant in order to defeat subject matter jurisdiction.  Rather, here, the plaintiff actually has a pending state court lawsuit against defendants Muldinato and Dunning.  If joinder and remand are denied, both actions will be litigated independently, thereby resulting in two different judges overseeing two different lawsuits.  Under the circumstances, judicial economy favors joinder and remand.

## **CONCLUSION**

For the reasons stated, plaintiff's motion to join Muldinato and Dunning is granted and the case is remanded to New York State Supreme Court, Erie County, pursuant to 28 U.S.C. § 1447(e).  The Clerk of the Court is directed to take all steps necessary to close the case.


SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 11 , 2008